## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 10-81612-CV-HURLEY/HOPKINS

**JONATHAN E. PERLMAN,**

     **Plaintiff,**

**vs.**

**WELLS FARGO BANK, N.A.,**

     **Defendant.**

_____/

### ORDER GRANTING MOTION FOR RECONSIDERATION
### AND DENYING MOTION FOR LEAVE TO AMEND

**THIS CAUSE** is before the Court upon Defendant Wells Fargo Bank, N.A.'s ("the Bank's") Motion for Reconsideration [ECF No. 80], in which the Bank requests that the Court revisit its earlier decision not to dismiss the Plaintiff's aiding and abetting and fraudulent transfer claims. While that motion was pending, Plaintiff filed a Motion for Leave to File a Second Amended Complaint [ECF No. 86]. For the reasons to follow, the Court will deny Plaintiff's motion for leave to file and grant the Bank's motion for reconsideration.

    *A.*     ***Defendant's Motion for Reconsideration***

In a previous Order dated November 22, 2011 (the "Dismissal Order") [ECF No. 52], the Court dismissed certain claims in the original complaint with prejudice and allowed Plaintiff's aiding and abetting and fraudulent transfer claims to go forward. In the instant motion, the Bank asks the Court to reconsider its decision in light of an intervening unpublished Eleventh Circuit opinion. *See Lawrence v. Bank of Am.*, 455 Fed. Appx. 904 (11th Cir. 2012) ("*Lawrence II*").

In the Dismissal Order, the Court considered whether a plaintiff could properly plead the actual knowledge element of an aiding and abetting claim by alleging atypical business transactions. Dismissal Order 17-19 [DE # 52].  In concluding that such allegations could be sufficient, the Court attempted to reconcile a variety of cases with conflicting outcomes.  *See, e.g.*, *Woodward v. Metro Bank of Dallas*, 522 F.2d 84, 97 (5th Cir. 1975) ("[I]f the method or transaction is atypical or lacks business justification, it may be possible to infer the knowledge necessary for aiding and abetting liability."); *Lawrence v. Bank of America, N.A.*,  No. 8:09-cv-2162-T-33TGW, 2010 WL 3467501, *4 (M.D. Fla. Aug. 30, 2010) ("*Lawrence I*").  The Court was troubled by but disagreed with the district court opinion in *Lawrence I* because it expressly considered atypical business transactions and found them insufficient to allege actual knowledge of an underlying violation.  2010 WL 3467501 at *4.

Shortly after the Court issued the Dismissal Order, the Eleventh Circuit affirmed the district court's order in *Lawrence*, stating that "[a]lthough Plaintiffs alleged the transactions were atypical and therefore [the Bank] should have known of the Ponzi scheme, such allegations are insufficient under Florida law to trigger liability." *Lawrence II*, 455 Fed. Appx. at 907.  Although *Lawrence II* is an unpublished opinion and therefore does not constitute binding precedent, *see* U.S.C.A. 11th Cir. Rule 36-2, its reasoning sheds substantial light on the exact issue presented by the instant motion. With the benefit of the Eleventh Circuit's reasoning on this issue, the Court now concludes that Plaintiff's allegations are insufficient as a matter of law to state a claim for aiding and abetting liability.  Because banks have no duty to investigate even suspicious transactions, allegations of such transactions do not demonstrate the actual knowledge required for aiding and abetting claims.

2

*Lawrence II*, 455 Fed. Appx. at 907.  Under this analysis of its allegations of atypical transactions,

the complaint does not sufficiently allege that the Bank knowingly abetted the underlying scheme.

The Bank also asks the Court to reconsider Plaintiff's claims for avoidance and recovery of

fraudulent transfers pursuant to the Florida Uniform Fraudulent Transfer Act ("FUFTA"), Fla. Stat.

§ 726.101.  The Bank argues that *Lawrence II* also dictates dismissal of the Receiver's fraudulent

transfer claims because, just as allegations of atypical transactions are insufficient to plead actual

knowledge, so too are they insufficient to allege bad faith under the bad-faith exception to the mere

conduit defense of a fraudulent transfer claim.

The mere conduit rule is an equitable exception to fraudulent transfer liability that requires

a defendant to "establish (1) that [it] did not have control over the assets received, i.e., that [it]

merely served as a conduit for the assets that were under the actual control of the [transferor] *and*

(2) that [it] acted in good faith and as an innocent participant in the fraudulent transfer."  *In re

Harwell*, 628 F.3d 1312, 1323 (11th Cir. 2010).  Thus, the mere conduit rule is an affirmative

defense to fraudulent transfer liability.  Under Florida law, a Court may consider an affirmative

defense in resolving a motion to dismiss when the complaint "affirmatively and clearly shows the

conclusive applicability of the defense to bar the action."  *Jackson v. BellSouth Telecomms.*, 372

F.3d 1250, 1277 (11th Cir. 2004) (internal citations omitted).

In the instant case, the face of the Amended Complaint makes clear that the Bank acted as

a mere conduit of Theodule's fraudulent transfers—that is, that the Bank never exercised dominion

or control over the funds and that the Bank acted with good faith.  In evaluating the Bank's good

faith, "[t]he relevant question is whether [it] had actual knowledge of the debtor's fraudulent purpose

or 'had knowledge of such facts or circumstances as would have induced an ordinarily prudent person to make inquiry, and which inquiry, if made with reasonable diligence, would have led to the discovery of the [transferor's] fraudulent purpose.'" *Wiand v. Waxenberg*, 611 F. Supp. 2d 1299, 1319 (S.D. Fla. 2009) (quoting *United States v. Romano*, 757 F. Supp. 1331, 1338 (M.D. Fla. 1989)). The Court has already concluded that the Receiver has not properly alleged the Bank's actual knowledge of the underlying violations.  The Court further concludes that because banks have the "right to assume that individuals who have the legal authority to handle [an] entity's accounts do not misuse the entity's funds," *O'Halloran v. First Union Nat'l Bank of Fla.*, 350 F.3d 1197, 1205 (11th Cir. 2003), the alleged atypical transactions and other red flags do not comprise "facts or circumstances [that] would have induced an ordinarily prudent [bank] to make inquiry . . . ." *Waxenberg*, 611 F. Supp. 2d at 1319 (internal citation omitted).

It is true that the threshold for granting a motion to dismiss based on the applicability of an affirmative defense is higher than the one that applies to a Plaintiff's duty to affirmatively allege the elements of a cause of action.  *Jackson*, 372 F.3d at 1277.  However, as stated in *Lawrence II*, "Florida law does not require banking institutions to investigate transactions."  455 Fed. Appx. at 907.  Clearly then, Plaintiff's numerous allegations of atypical transactions, red flags, and the like do not provide any basis to conclude that the Bank was anything more than "an innocent participant in the fraudulent transfer." *In re Harwell*, 628 F.3d at 1323.  This being the case, although Plaintiff may have alleged the basic elements of a fraudulent transfer claim, Plaintiff's allegations also plainly demonstrate that the mere conduit exception applies and that the fraudulent transfer claims must fail.

Moreover, the Court also finds fraudulent transfer liability of a bank under these

4

circumstances at odds with the reasoning in *Freeman v. First Union Nat'l Bank*, 865 So. 2d 1272 (Fla. 2004).  In *Freeman*, the Florida Supreme Court rejected a cause of action for aiding and abetting fraudulent transfers against a bank that was the primary banker for a Ponzi schemer after it effectuated wire transfers on the schemer's behalf even after the schemer was sued and a court issued an injunction freezing the accounts at the bank.  *Id*. at 1274 n.3.  To allow Plaintiff in the instant case to circumvent the outcome in *Freeman* by holding a bank liable for its customer's deposits into its own accounts would undermine the Florida Supreme Court's demonstration of "the narrow focus of the FUFTA and its limitations."  *Id*. at 1277.

In reconsidering the Dismissal Order and dismissing the aiding and abetting and fraudulent transfer claims, the Court must also determine whether to dismiss the claims with or without prejudice.  Because this determination presents the same issues as Plaintiff's motion for leave to amend, the Court will address it in the following section.

### B.    *Plaintiff's Motion for Leave to Amend*

Generally, leave to amend is freely given.  Fed. R. Civ. P. 15(a)(2).  However, leave to amend may be denied if amendment would be futile—i.e., the proposed amended complaint would still fail to state a claim.  *Spanish Broad. Sys. of Fla., Inc. v. Clear Channel Commc'ns, Inc.*, 376 F.3d 1065, 1077 (11th Cir. 2004).  In the instant case, Plaintiff has already amended the complaint once.  In addition, upon review of the proposed second amended complaint, the Court finds that Plaintiff has done little more than allege further "red flags" (or elaborate on those previously stated) that should have, upon investigation, alerted the Bank to the ongoing Ponzi scheme.  But as the Court has discussed at length above, Florida law places no requirements on banks to investigate red flags.

Order Granting Motion for Reconsideration and Denying Motion for Leave to Amend
Perlman v. Wells Fargo Bank, N.A.
Case No. 10-cv-81612-DTKH

None of Plaintiff's amended allegations would establish that the bank had *actual knowledge* of the

underlying violations.  Thus, granting leave to submit the proposed complaint would be futile.[1]

Accordingly, it is hereby **ORDERED** and **ADJUDGED** that:

1.      Defendant's Motion for Reconsideration [ECF No. 80] is **GRANTED**.

2.      Upon reconsideration, all of Plaintiff's claims against Defendant in this action are

**DISMISSED WITH PREJUDICE**.

3.      Plaintiff's Motion for Leave to File a Second Amended Complaint [ECF No. 86] is

**DENIED**.

4.      Pursuant to Fed. R. Civ. P. 58(a), the Court will enter final judgment by separate

order.

**DONE** and **SIGNED** in Chambers at West Palm Beach, Florida this 10th  day of August,

2012.

Daniel T. K. Hurley
United States District Judge

*Copies provided to counsel of record*

---

[1]In a related action, the Court noted that certain new allegations that were untimely presented
may have been sufficient to warrant granting leave to amend.  *See Perlman v. Bank of Am., N.A.*, No.
9:11-cv-80331-DTKH (July 2, 2012) (ECF No. 94).  The new allegations in the instant case,
however, while timely presented, are not of a similar character to those in *Bank of America*.

For updated court information, visit unofficial Web site
at http://www.judgehurley.com