NITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-81612-CV-HURLEY/HOPKINS

JONATHAN E. PERLMAN,

  **Plaintiff,**

v.

**WELLS FARGO BANK, N.A.,**

  **Defendant.**

_____/

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES

  **THIS CAUSE** comes before the Court upon Plaintiff's Motion to Strike Defendant's Affirmative Defenses [ECF No. 114]. Plaintiff Jonathan E. Perlman filed his Second Amended Complaint on June 20, 2014 [ECF No. 107], following the Mandate by the Eleventh Circuit. [ECF No. 102]. Plaintiff is a court-appointed Receiver, bringing claims on behalf of Creative Capital Consortium, LLC and related entities (collectively, the "Receivership Entities") against Defendant Wells Fargo Bank, N.A., as successor-in-interest to Wachovia Bank, N.A.

  Plaintiff's action arises from a Ponzi scheme committed by George Theodule, who created and used the Receivership Entities to perpetrate his scheme. Plaintiff alleges that Theodule not only used Defendant's bank to maintain the proceeds of his scheme, but that Defendant's bank aided and abetted it. The complaint states one count of aiding and abetting breach of fiduciary duty (Count I), one count of aiding and abetting conversion (Count II), and two counts of avoidance and recovery of fraudulent transfers in violation of Florida's Uniform Fraudulent Transfer Act (FUFTA), Fla. Stat. ch. 726 (Counts III and IV). Defendant filed its

Answer and Affirmative Defenses on July 14, 2014 [ECF No. 112], asserting forty-two affirmative defenses against Plaintiff's claims. Plaintiff now moves to strike affirmative defenses one through seventeen (1–17), nineteen through thirty-eight (19–38), and forty through forty-two (40–42).

## **LEGAL STANDARD**

A court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  A defense is insufficient if "(1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law."  *E.g., Pujas ex rel. El Rey De Los Habanos, Inc. v. Garcia*, 777 F. Supp. 2d 1322, 1328 (S.D. Fla. 2011) (internal quotation marks omitted) (citation omitted).  A defense is also insufficient if it does not fulfill the pleading requirements of Federal Rule of Civil Procedure 8(a), requiring a "short and plain statement" of the defense.  *See e.g., Losada v. Norwegian (Bahamas) Ltd.*, 296 F.R.D. 688, 691 (S.D. Fla. 2013).  Thus,

> in pleading an affirmative defense, the pleader must set forth a short and plain statement of the defense[,] and must include either direct or inferential allegations as to all elements of the defense asserted.  Assertions of legal conclusions unsupported by facts are not sufficient as affirmative defenses.
>       [An affirmative defense] need not be pleaded with particularity. [Rather,] [a] defendant's assertion of an affirmative defense is adequate when it gives the plaintiff *fair notice* of the defense.

Tracey Bateman Farrell et al., 27 Federal Procedure, Lawyer's Edition § 62:94 (June 2014) (emphasis added); *see Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 351 (1971) (explaining that the purpose of "pleading [an affirmative defense] is to give the opposing party notice"); *Automated Medical Labs., Inc. v. Armour Pharm. Co.*, 629 F.2d 1119, 1122 (5th Cir. 1980) ("Although absolute specificity in pleading is not required, fair notice of the affirmative defense is."); *Pulliam v. Tallapoosa Cnty. Jail*, 185 F.3d 1182, 1185 (11th Cir. 1999)

("Requiring a defendant to plead certain defenses affirmatively serves the important purpose of providing notice to the plaintiff and the court."); *Gen. S. Indus, Inc. v. Shub*, 300 Fed. App'x 723, 728 (11th Cir. 2008) ("As we have noted, this affirmative pleading requirement 'serves the important purpose of providing notice to the plaintiff and the court' of the defenses alleged.") (quoting *Pulliam*); *O'Hagan v. M & T Marine Grp., LLC*, 424 Fed. App'x 811, 815 n.5 (11th Cir. 2011) (same).

An affirmative defense is a defense "that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification or other negating matters." *Bluewater Trading LLC v. Willmar USA, Inc*., No. 07–61284–CIV, 2008 WL 4179861, at *1 (S.D. Fla. Sept. 9, 2008). "A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense." *See In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir.1988). Neither is a defense that denies an allegation in the plaintiff's complaint. *See CI Int'l Fuels, LTDA v. Helm Bank, S.A.* , No. 10-20347-CIV, 2010 WL 3368664 (S.D. Fla. Aug. 23, 2013) (Altonaga, J.) ("[A] a defendant occasionally may label his negative averment as an affirmative defense rather than as a specific denial.") (quoting 5C Charles Alan Wright et al., Federal Practice & Procedure § 1382 (3d ed. 2004)). When confronted with the latter, courts will strike the denial for failure to state an affirmative defense, *see Exhibit Icons, LLC v. XP Cos., LLC*, 609 F. Supp. 2d 1282 (S.D. Fla. 2009) (Marra, J.), or for redundancy if the defendant, in its answer, has already denied the respective allegation, *see Aidone v. Nationwide Auto Guard, L.L.C.*, 295 F.R.D. 658, 662 (S.D. Fla. 2013) (Dimitrouleas, J.). When reviewing a motion to strike, courts proceed under the admonition that striking an affirmative defense "is a drastic remedy," and a "motion to strike should be granted only when the pleading to be stricken has no

possible relation to the controversy." *August v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962) (citation omitted).

## DISCUSSION

### A.  INSUFFICIENTLY PLED DEFENSES

Many of Defendant's affirmative defenses are insufficiently pled, as they fail to give Plaintiff and the Court fair notice of the stated defense.  Affirmative defenses 4,[1] 16–17, 19, 22, 28-37, and 41 state legal doctrines or terms, but neither state how or why such defenses might apply to Plaintiff's claims, nor state facts in support of their application. Conclusory statements do not satisfy Federal Rule of Civil Procedure 8(a), and Defendant cannot require the Court to identify which facts support each defense.  *See Certain Interested Underwriters at Lloyd's, London v. AXA Equitable Life Ins. Co.*, No. 10-62061-CV, 2013 WL 3892956, at *4 (S.D. Fla. July 26, 2013) (striking an affirmative defense because "it is inappropriate for [the defendant] to place the burden on [the plaintiffs] and on the Court to sift through 'pages' of allegations to determine which [the defendant] might have intended to form the basis of each of its defenses.").

For example, Defendant cannot require the Court to identify which contractual provisions bar Plaintiff's claim, as it does in its thirty-second affirmative defense,  *see Meridian of Palm Beach Condominium Ass'n v. QBE Ins. Corp.*, 06-81108-CIV, 2007 WL 136433, at *24 (S.D. Fla. May 8, 2007) (striking an affirmative defense in an insurance contract dispute that stated that the plaintiff's claims were "excluded from coverage, in whole or in part, pursuant to various exclusions contained in the policy" because it "[did] not advise [the plaintiff] how, why or in what way the coverage [was] allegedly excluded . . ."), or which third-party acts or omissions bar

---

[1] Because res judicata does not apply unless "parties in both suits are identical," *O'Connor v. PCA Family Health Plan, Inc.*, 200 F.3d 1349, 1335 (11th Cir. 2000), and Plaintiff was not a party to the prior suit, the fourth affirmative defense may also be invalid as a matter of law.

Plaintiff's claims, as it does in its seventeenth, *see Grovenor House, L.L.C. v. E.I. Du Pont De Nemours & Co.,* 09-21698-CIV, 2010 WL 3212066, at *2 (S.D. Fla. Aug. 12, 2010) ("Without establishing what acts or omissions [the defendant] is alluding to, and what third parties, nonparties, entities, persons, forces or instrumentalities [the defendant] is referring to, the affirmative defenses fail to provide fair notice to [the plaintiff] as to the nature of the defenses."). Nor can Defendant, as it does in its twenty-second and thirty-first defenses, state that Plaintiff's recovery must be reduced "to the extent" any proceeds were spent on "obligations or expenses," as such a defense is but a statement of law, not a properly pleaded affirmative defense. *See Lynch v. Cont'l Grp., Inc.*, No. 12-21648-CIV, 2013 WL 166226, at *6 (S.D. Fla. Jan. 15, 2013) (striking a setoff defense that "contain[ed] no actual facts . . . that would support setoff"); *Home Mgm't Solutions, Inc. v. Prescient,* No. 07-20608-CIV, 2007 WL 2412834, at *4 (S.D. Fla. Aug. 21, 2007) (striking a setoff defense when the defendant "fail[ed] to plead any supporting facts or the elements of the defense"). These defenses will therefore be stricken without prejudice.

### B. DENIALS OR DEFECTIVE DEFENSES

As applied against Plaintiff's aiding and abetting counts, affirmative defenses 12–13, though titled affirmative defenses, are instead negative averments.[2]  Both affirmative defenses deny Plaintiff's allegation that Defendant had the knowledge of the fraudulent transactions required for aiding and abetting liability, *see* 2d Am. Comp. ¶ 59, as a party cannot act in good faith and simultaneously have knowledge of fraud.  *Cf. United States v. Martinelli*, 454 F.3d 1200, 1316 (11th Cir. 2006) (affirming jury instruction that stated a knowledge requirement but

---

[2] If Defendant's twelfth and thirteenth affirmative defenses apply to Plaintiff's FUFTA claims, then they are insufficiently pled.  Lack of knowledge and good faith are insufficient to state either FUFTA's "good faith" defense or "mere conduit" defense, both of which require pleading additional elements, such as "reasonably equivalent value," Fla. Stat. § 726.109(1)(2), and lack of control, *Perlman v. Bank of America, N.A.*, 561 Fed. App'x 810, 813 (11th Cir. 2014), respectively.  These defenses will therefore be stricken without prejudice as to Counts III and IV.

not a good faith defense because "if the jury concluded that [the defendant] had a good-faith belief in the legitimacy of the business, it could not have found that he *knew* the funds were the proceeds of mail fraud") (emphasis in original).  But, Defendant has already denied Plaintiff's knowledge allegation, *see* Answer ¶ 59, making these affirmative defenses either redundant, or simply not affirmative defenses.

Similarly, affirmative defenses 14–15 are either redundant or are not affirmative defenses.  Plaintiff has already alleged that Defendant contacted law enforcement.  *See e.g.,* 2d Am. Comp. ¶ 57 (alleging that Defendant's vice-president and fraud investigator "in fact contacted the [Florida Department of Law Enforcement] . . . .").  Plaintiff also has already allged that Defendant closed the subject accounts.  *See e.g.,* 2d Am. Comp. ¶ 55 (alleging that Defendant "closed most, but even then, not all, of the [subject] accounts.").  Defendant uses the words "thwart" and "timely" to show that Plaintiff's allegations do not state a cause of action for aiding and abetting fraud, but such a recasting of Plaintiff's allegations is an argument that his prima facie case is defective, not an affirmative defense.

The same is true for affirmative defense 42.  A shotgun complaint is one that "provides [the defendant] with insufficient notice to enable it to file its answer."  *Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1126–27 (11th Cir. 2014).  For that reason, "[a] defendant served with a shotgun complaint should move the district court to dismiss the complaint pursuant to Rule 12(b)(6) or for a more definite statement pursuant to Rule 12(e)."  *Id.*  For Defendant to argue that Plaintiff's complaint is a shotgun complaint—that is, that it provides insufficient notice—is to point out a defect in Plaintiff's complaint, not to assert an affirmative defense. These defenses will therefore be stricken with prejudice.

### C.  DEFENSES PRECLUDED BY THE MANDATE

Defendant's affirmative defenses 1–3, 23–27, and 40 contradict the Eleventh Circuit's mandate.  These defenses variously argue that Plaintiff cannot bring claims on behalf of the Receivership Entities, that Plaintiff cannot state a cause of action, and that Plaintiff actually brings claims on behalf of Ponzi scheme investors, who were the damaged parties and whose conduct bars Plaintiff's claims. The Eleventh Circuit, however, has foreclosed these defenses.

First, a receiver may sue on behalf of receivership entities injured by a Ponzi scheme. *See Wiand v. Lee*, 753 F.3d 1194, 1202 (11th Cir. 2014) (explaining that "Under *Lehmann*, the Receiver has standing to sue on behalf of the receivership entities because they were harmed when . . . [the principal] diverted the funds for unauthorized uses.") (citing *Scholes v. Lehmann*, 56 F.3d 750, 753–55 (7th Cir. 1995)); *accord Perlman v. Wells Fargo Bank, N.A.*, 830 F. Supp. 2d 1308, 1317 (S.D. Fla. 2011) (Hurley, J.) ("[T]he Court adopts the reasoning in *Scholes* and finds the receivership entities did suffer an injury for the purposes of constitutional standing when Theodule and others embezzled from them."), *on reconsideration* 830, F. Supp. 2d 1308, *vacated* 559 Fed. App'x 988 (11th Cir. 2014).  Second, Plaintiff is in fact pursuing legal and equitable claims available to the Receivership Entities, not the investors: as the Eleventh Circuit's mandate states, "Perlman initiated this action by filing a complaint against Wells Fargo for its alleged role in the Ponzi scheme and the *resulting harm to the Receivership Entities*," Mandate at 7 (emphasis added).  The court even adds the following note:

> Perlman is *not asserting claims for harms inflicted on the individual investors*. His claims are limited solely to those seeking relief based on harms to the Receivership Entities themselves when Theodule misappropriated funds that had been deposited to the credit of the Entities.

*Id.* n.4 (emphasis added).

Third, Plaintiff can and does state a cause of action.  Reversing the Court's decision to deny Plaintiff's request for leave to file a second amended complaint, the Eleventh Circuit held that filing the proposed complaint would not be "futile." *Id.* at 14.  A proposed complaint is "futile" when it "would still be properly dismissed or be immediately subject to summary judgment for the defendant."  *Id.* at 13 (quoting *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007)).  Holding as it did, the Eleventh Circuit explained:

> Perlman argues that his proposed second amended complaint contains additional information establishing – or at least creating a plausible inference – that Wells Fargo had actual knowledge of the Ponzi scheme, and therefore the proposed amendment would not be futile. We agree.

*Id.* at 14.

Therefore, if the second amended complaint was not futile—that is, it could not be properly dismissed—then the Eleventh Circuit held that Plaintiff stated at least a plausible claim for relief.  Accordingly, Plaintiff permissibly brings his claim on behalf of the Receivership Entities, not the investors, and Plaintiff's complaint can and does state a cause of action.  These defenses will therefore be stricken with prejudice.

### D.  IN PARI DELICTO DEFENSES

Defendant, in affirmative defenses 5–10 and 20–21, pleads facts to support the *in pari delicto* defense.  However, as this Court has previously decided, the viability of this defense is a question of fact and law that should not be answered at the pleading stage.  *See Perlman*, 830 F. at 1320; *see generally Augustus*, 306 F.2d at 868 ("A disputed question of fact cannot be decided on motion to strike. It is true, also, that when there is no showing of prejudicial harm to the moving party, the courts generally are not willing to determine disputed and substantial questions of law upon a motion to strike.").

The *in pari delicto* defense is an equitable defense "rooted in the common-law notion that a plaintiff's recovery may be barred by his own wrongful conduct." *Pinter v. Dahl*, 486 U.S. 622, 632 (1988).  Florida courts impute wrongful conduct to a corporation only if there are no "innocent decision-maker[s] in the management of the corporation." *Perlman* 830 F. Supp. 2d at 1317 (internal quotation marks omitted).   At the pleading stage, the defendant "must show that the factual basis of the defense is definitively ascertainable from the complaint and other allowable sources." *Id.*

While Plaintiff has alleged that Theodule controlled the Receivership Entities and that the Receivership Entities maintained no legitimate business operations, 2d Am. Comp. ¶¶ 6, 14, these allegations are insufficient to provide the Court with enough certainty to apply the *in pari delicto* defense.  As the Court previously found:

> While these allegations indicate a strong possibility that there was no innocent decision-maker in the management of any of the receivership entities, the Court cannot say that they suffice to establish the affirmative defense with certitude, as would be necessary to dismiss the complaint on the basis of this defense at the pleading stage.

*Perlman*, 830 F. Supp. 2d at 1318 (internal quotation marks omitted).   Furthermore, when comparing this case to case law addressing the application of the *in pari delicto* defense against receivers when the respective defendants did or did not receive benefits from the underlying schemes, the Court found that this case represented at least an "intermediate" scenario. *Id.* at 1320.   Accordingly, the Court decided that, at the pleading stage, it would "not pursue the fact-sensitive inquiry into whether the receivership defeats an *in pari delicto* defense under the circumstances of this case."   *Id.* at 1320.  As the Court's reasoning still applies, Defendant's *in pari delicto* defenses will not be stricken, but will be read as if incorporated into the eighth affirmative defense, which states *in pari delicto* generally.

9

### E.  REDUNDANT OR IMMATERIAL DEFENSES

Affirmative defense 11 is immaterial.  It states that Defendant owed no legal duty to investigate, to disclose, or to prevent misconduct by the Receivership Entities.   While this statement may be true as a matter of law, *see e.g., Lawrence v. Bank of America, N.A.*, 455 Fed. App'x 904, 907 (11th Cir. 2012) ("Florida law does not require banking institutions to investigate transactions."), it mischaracterizes Plaintiff's claim.   Plaintiff alleges that Defendant owed a duty not to aid and abet a breach of fiduciary duty or conversion, and Defendant violated that duty by "render[ing] substantial assistance" to Theodule's breach of fiduciary duty and conversion.   2d Am. Comp. ¶ 66, 71.   Although Defendant may not have had a duty to investigate, disclose, or prevent misconduct, Defendant did have a duty not to aid and abet it. This defense, therefore, is immaterial to Plaintiff's claims.

Affirmative defense 38 is redundant.   Most likely, this affirmative defense applies to Plaintiff's FUFTA claims and attempts to state the "mere conduit" defense, as lacking control over a subject account is an element of this defense.  *See Perlman v. Bank of America, N.A.*, 561 Fed. App'x 810, 813 (11th Cir . 2014) (explaining that to assert this defense, a defendant "must establish (1) that they did not have control over the assets received, i.e., that they merely served as a conduit for the assets that were under the actual control of the debtor-transferor[,] and (2) that they acted in good faith and as an innocent participant in the fraudulent transfer.") (quoting *In re Harwell*, 628 F.3d 1312, 1323 (11th Cir. 2010)).   However, Defendant has already stated the mere conduit defense in its thirty-ninth affirmative defense,[3] a defense which Plaintiff has not moved to strike.   Thus, Defendant's thirty-ninth affirmative defense subsumes its thirty-eighth

---

[3] For its thirty-ninth affirmative defense, "Wells Fargo states Perlman's claims are barred because as to any and all transfers of proceeds which are the subject of this action, Wells Fargo is a mere conduit and not an initial transferee."  Answer at 23.

affirmative defense, rendering the latter redundant.  These defenses will therefore be stricken with prejudice.

## CONCLUSION

For the aforementioned reasons, it is hereby

**ORDERED** and **ADJUDGED** that:

1.  Plaintiff's Motion to Strike Defendant's Affirmative Defenses [ECF No. 114] is **GRANTED IN PART** and **DENIED IN PART**.

2.  Affirmative Defenses 1–3, 11, 14–15, 23–27, 38, 40, and 42 are **STRICKEN WITH PREJUDICE**.

3.  Affirmative Defenses 4, 16–17, 19, 22, 28-37, and 41 are **STRICKEN WITHOUT PREJUDICE**.

4.  Affirmative defenses 12–13 are **STRICKEN WITH PREJUDICE** as to Counts I and II, and **STRICKEN WITHOUT PREJUDICE** as to Counts III and IV.

**DONE** and **SIGNED** in Chambers at West Palm Beach, Florida this 10th day of September, 2014.

Daniel T. K. Hurley
United States District Judge

*Copies provided to counsel of record*